JOURNAL ENTRY AND OPINION
Taurus Stephens appeals from a judgment of the trial court pursuant to a jury verdict finding him guilty of preparation of drugs for sale and possession of crack cocaine. On appeal, he assigns the following as error for our review:
 I. THE COURT COMMITTED PLAIN ERROR BY ALLOWING THE INTRODUCTION OF IRRELEVANT AND PREJUDICIAL EVIDENCE AND BY INSTRUCTING THE JURY ON AN UNINDICTED CHARGE.
 II. THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION FOR ACQUITTAL WHEN THE STATE FAILED TO PRESENT SUFFICIENT EVIDENCE THAT HE PREPARED THE DRUGS FOR SALE.
 III. THE APPELLANT'S CONVICTIONS ARE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
Having reviewed the arguments of the parties and the pertinent law, we affirm the judgment of the trial court.
The record before us reveals the Cleveland Police Department conducted surveillance on a car wash at 11617 Superior Avenue, after receiving numerous complaints of drug sales. After observing what appeared to be several drug transactions, the police authorized a confidential informant to purchase crack cocaine with marked dollars. When the transaction had been successfully completed, the informant gave the product to the police. The product tested positive for cocaine.
On the same day, Detective Andre Haynesworth and Sergeant Henry O'Bryant executed a search warrant on the car wash. They observed Stephens engage in several transactions. Haynesworth was conducting surveillance from an undercover police car and noticed Stephens throw a white glove into a reddish colored Honda Civic belonging to Stephane Stephens. The police officers then entered the scene and arrested Stephens. A trained drug-sniffing dog searched the Honda and found the glove which contained rocks of crack cocaine.
The combined weight of the drugs was 7.61 grams, one rock weighing 2.11 grams and the other 5.5 grams. Both Haynesworth and O'Bryant testified the drugs were suitable for trimming off smaller portions for sale and were prepared for sale or distribution. Tracy Cramer, a drug analyst with the Cleveland Police Department's forensic laboratory, analyzed the drugs found and confirmed them to be crack cocaine.
Stephens was subsequently indicted for preparation of drugs for sale, possession of crack cocaine, and possession of criminal tools. A jury trial was held in which Stephens was found guilty of preparation of drugs for and possession of crack cocaine, and not guilty of possession of criminal tools. The trial court sentenced Stephens to concurrent one-year terms.
In his first assignment of error, Stephens proffers two arguments. The first is whether the court erred by allowing the officers to testify they witnessed a controlled drug buy on a prior date at the same location. This argument is misguided. A review of the transcript, and specifically Haynesworth's testimony, reveals the surveillance was conducted in response to numerous complaints. Based on the officers' observations, a confidential, reliable informant was sent to purchase drugs; in essence, to confirm the suspicion drug activity was being conducted at the car wash. The surveillance and the controlled drug buy formed the probable cause that secured a search warrant. Therefore, we see no error by the trial court.
The second question Stephens presents is whether the court erred when it provided the legal definition of trafficking despite the fact Stephens was not charged with that offense. The jury inquired as to the definition of drug trafficking and the trial court provided it.
Crim.R.30(A) states in pertinent part:
 On appeal, a party may not assign as error the giving or the failure to give any instructions unless the party objects before the jury retires to consider its verdict, stating specifically the matter objected to and the grounds of the objection. Opportunity shall be given to make the objection out of the hearing of the jury.
Defense counsel did not object to the jury instructions at any time. Therefore, this issue has not been properly preserved for appeal.
In his second assignment of error, Stephens argues the court erred in denying his motion for acquittal because the State failed to present sufficient evidence to prove the offense of preparation of drugs for sale.
Crim.R. 29(A), provides in part:
 The court on motion of a defendant or on its own motion, after the evidence on either side is closed, shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment, information, or complaint, if the evidence is insufficient to sustain a conviction of such offense or offenses.* * *.
The test for sufficiency of the evidence raises a question of law to be decided by the court before the jury may receive and consider the evidence of the claimed offense. In State v. Jenks[1] the court stated:
 An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence submitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. (Citations omitted.)
In this case, the State had the obligation to present evidence Stephens knowingly prepared for shipment or distribution a controlled substance with the intent to sell it.[2] Haynesworth testified the size of the two large pieces of crack cocaine found in the glove, weighing 2.11 grams and 5.5 grams respectively, are of the type that a person will either pinch a portion off for sale or sell it as one large piece. He concluded based on his experience, the pieces of cocaine had been prepared for sale. O'Bryant similarly testified the pieces of cocaine were being prepared for sale.
Therefore, in accordance with the test set forth in Jenks, after reviewing this evidence in a light most favorable to the State, any rational trier of fact could have found the essential elements of the offenses proven beyond a reasonable doubt. Pursuant to Crim.R. 29, the court properly denied Stephens' motion for acquittal. Accordingly, this assignment of error is not well taken and it is overruled.
Lastly, Stephens argues his convictions were against the manifest weight of the evidence.
In State v. Martin[3] the court stated:
 The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.
Additionally, the court in State v. Thompkins[4] stated:
 Weight of the evidence concerns the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other. It indicated clearly to the jury that the party having the burden of proof will be entitled to their verdict, if, on weighing the evidence in their minds, they shall find the greater amount of credible evidence sustains the issue which is to be established before them.
Further, in Tibbs v. Florida[5] the court stated:
 * * * A reversal based on the weight of the evidence, moreover, can occur only after the State both has presented sufficient evidence to support conviction and has persuaded the jury to convict.
The State assumed the burden of proving Stephens' guilt of possession of drugs for sale beyond a reasonable doubt. R.C. 2925.11(A) provides no person shall knowingly obtain, possess, or use a controlled substance. Here, Stephens was observed by Haynesworth and O'Bryant throwing a glove into a vehicle which they later determined contained rocks of crack cocaine. Stephens' sole witness, Stephane Stephens, in whose car the glove was thrown, testified Stephens did not throw anything into his car. However, on rebuttal, Haynesworth testified Stephane Stephens was not even present on the night of the arrests.
Accordingly, after reviewing the entire record, weighing the evidence and all reasonable inferences, and considering the credibility of witnesses, we conclude the jury did not clearly lose its way or create such a manifest miscarriage of justice that the conviction must be reversed. Therefore, this assignment of error is without merit and overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
TIMOTHY E. McMONAGLE, P.J., and KENNETH A. ROCCO, J., CONCUR.
[1] (1991), 61 Ohio St.3d 259, 574 N.E.2d 492.
[2] R.C. 2925.07, re-codified at R.C. 2925.03(A)(2), effective February 13, 2001 in 148 v H 528 sec. 2.
[3] (1983), 20 Ohio App.3d 172, 485 N.E.2d 717.
[4] (1997), 78 Ohio St.3d 380, 678 N.E.2d 541.
[5] (1982), 457 U.S. 31, 102 S.Ct. 2211.